IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN T. NIX                                                                                                                             PLAINTIFF

v.                                          Civil No. 6:19-CV-06014

DR. N. VOWELL (Correct Care Solutions at                      DEFENDANTS
Ouachita River Unit), DR. T. DANIEL
(Correct Care Solutions at Ouachita River
Unit), DR. GREGORY MCKINNEY
(Correct Care Solutions at Ouachita River
Unit), DR. JON ALLEN (University of
Arkansas for Medical Sciences)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on February 5, 2019. (ECF No. 1). On February 6, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint. (ECF No. 8). Plaintiff did so on February 13, 2019. (ECF No. 10). He then filed a Second Amended Complaint on February 26, 2019. (ECF No. 13).

Plaintiff alleges his rights were violated by the medical care he received from Correct Care Solutions medical staff starting in July 2015 and ending in November 2019. (ECF No. 13 at 4).

1

Specifically, he alleges that he was prescribed the medication Viread for his HIV, which caused him to suffer Stage Three kidney disease. (*Id*.). Plaintiff alleges that Defendant Allen, a specialist at the University of Arkansas for Medical Sciences, told him Correct Care Solutions would not let him provide Plaintiff with HIV medication that "wouldn't hurt" him "due to cost." (*Id*. at 6). This caused him "permanent, painful body damage." (*Id*. at 18).

Plaintiff proceeds against all Defendants in their personal and official capacities. (*Id*. at 4, 18). He seeks compensatory and punitive damages. (*Id*. at 20).

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Statute of Limitations

Plaintiff alleges his claims begin in July 2015 and end in November 2019[1]. He commenced this action on February 5, 2019. Thus, any of Plaintiff's claims which occurred prior to February 5, 2016 are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

#### B.  Official Capacity Claim Against Defendant Allen

Plaintiff seeks monetary damages against Defendants for his claims. Plaintiff's official capacity claims against Defendant Allen for monetary damages is subject to dismissal. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir.1998). Defendant Allen is identified as an employee of UAMS. Thus, Plaintiff's official capacity claim against the Defendant Allen is a claim against UAMS. *Id.* UAMS is a state agency. *Fegans v. Norris,* 351 Ark. 200, 206, 89 S.W.3d 919 (2002). States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989);

---

[1] Plaintiff alleges the end date of November 11, 2018 in his original Complaint (ECF No. 1 at 5) and in his first Amended Complaint (ECF No. 10 at 5), but he alleges "thru Nov. 2019" in his second Amended Complaint (ECF No. 13 at 4). As November 2019 is a time in the future, and Plaintiff previously alleged November 11, 2018 in his earlier pleadings, the undersigned construes the allegation to mean November 2018.

3

*McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)). As such, Plaintiff's official capacity claim against Defendant Allen is subject to dismissal.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's claims prior to February 5, 2016, and his official capacity claim against Defendant Allen be DISMISSED WITH PREJUDICE. It is further recommended that Plaintiff's personal capacity claim against Defendant Allen, as well as his official and personal capacity claims against all other Defendants remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of April 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE